Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSE LUIS RODRIGUEZ RIVERA Y OTROS<br><br>Recurridos<br><br>v.<br><br>MAYRA ENID RODRIGUEZ RIVERA Y OTROS<br><br>Peticionarios | KLCE202400008 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV02381<br><br>Sobre: Reivindicación |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de enero de 2024.

Comparece ante nos la señora Mayra Enid Rodríguez Rivera, Graciliano Rodríguez Colón por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por este y la señora Sara Mercedes Rivera Roca, el señor Jorge Efraín Morales Avilés, su esposa la señora Ana Rosa Rodríguez Rivera y la Sociedad Legal de Gananciales compuesta por estos, (en conjunto "los Peticionarios"), mediante *Petición de certiorari* presentada el 3 de enero de 2024. Nos solicitan que revisemos la *Orden* emitida el 19 de diciembre de 2023, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Mediante la referida orden, el foro primario denegó mediante un *No Ha Lugar* la *Moción de la Reconsideración* instada por los Peticionarios, la cual pretendía la desestimación de la *Moción Solicitando Sentencia Sumaria* presentada por la Sucesión de José Segundo Rodríguez Colón compuesta por Carmen María Rodríguez, José Luis Rodríguez y Orlando Rodríguez y la Sucesión del señor Heriberto Rodríguez

Número Identificador
RES2024_____

Rivera compuesta por Norma Otero Maldonado, Idalia Rodríguez Otero, Marilis Rodríguez Otero y Idarmis Rodríguez Otero, (en conjunto, "los Recurridos").

Junto con la presentación del recurso, el peticionario instó una *Moción en auxilio de jurisdicción,* la cual declaramos *No Ha Lugar* mediante la presente *Resolución.*

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

**I.**

El presente caso tiene su origen en una *Demanda* sobre deslinde y daños y perjuicios instada por los Recurridos de epígrafe contra los Peticionarios (DAC2010-0656). Mediante esta, los Recurridos solicitaron, entre otras cosas, el deslinde de varias fincas de su propiedad, por entender que los Peticionarios se encontraban en posesión de una parte de sus terrenos. Luego de un largo trámite procesal, las partes sostuvieron un acuerdo, y el 27 de octubre de 2015 el foro primario dictó *Sentencia por Estipulación,*[1] en la que estableció los linderos de las propiedades en controversia y desestimó sin perjuicio la causa de acción de daños y perjuicios.

Así las cosas, en el año 2016, los Recurridos acudieron ante el foro primario y solicitaron una orden, so pena de desacato y/o vista, a los fines de que el señor Graciliano Rodríguez Colón desistiera de estorbar la construcción de una verja sobre los puntos de colindancias establecidos en la *Sentencia por Estipulación.* Tras varias incidencias procesales, el 10 de noviembre de 2021, el foro primario emitió *Resolución,* en la que ordenó a los Peticionarios a que removieran la verja existente, toda vez que estaba ubicada en la propiedad de la parte Recurrida.

---

[1] Apéndice *certiorari,* págs. 77-81.

En desacuerdo con dicha determinación, el señor Graciliano Rodríguez Colón acudió ante este Tribunal de Apelaciones (KLAN202101034), y un panel hermano dictó *Sentencia* el 22 de marzo de 2022.[2] Por virtud de la misma, este Tribunal de Apelaciones revocó al foro primario y determinó que no procedía ordenar la remoción de la verja para construir una nueva conforme a los linderos demarcados en la *Sentencia por Estipulación.* Ello, debido a que "[e]l único propósito de la *Sentencia por Estipulación* que surgió de la acción de deslinde fue delimitar los predios del terreno, mas no declarar derecho de propiedad alguno".

Posteriormente, el 10 de mayo de 2022, los Recurridos instaron *Demanda* de reivindicación contra los Peticionarios.[3] En síntesis, alegaron que los Peticionarios poseen de manera temeraria una parte del terreno de su propiedad. Señalaron que, de conformidad con lo determinado en la *Sentencia por Estipulación* emitida en el caso DAC2010-0656, no existe controversia de los linderos de los terrenos de los Recurridos. Sostuvieron, además, que los Peticionarios se encuentran en posesión de una parte de su propiedad.

Tras varios trámites procesales, el 17 de octubre de 2023, los Recurridos presentaron *Moción solicitando sentencia sumaria.*[4] Mediante esta, señalaron que no existe controversia sobre los linderos de las fincas que le pertenecen, toda vez que estos fueron establecidos mediante la *Sentencia por Estipulación* emitida el 27 de octubre de 2015. Señalaron que procedía que se dictara sentencia sumaria a su favor, puesto que los documentos incluidos demostraban que existían 274.4612 metros cuadrados que le pertenecen y están siendo ocupados por la parte Recurrida.

---

[2] *Íd,* págs. 82-107.
[3] Véase entrada número 1 del expediente electrónico en el caso BY2022CV02381 en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC").
[4] Apéndice *certiorari,* págs. 53-192.

Añadieron que poseen justo título y que los Recurridos poseen ilegalmente dicha porción de su terreno.

En respuesta, el 27 de noviembre de 2023, los Peticionarios presentaron su *Oposición a Moción de Sentencia Sumaria.*[5] Mediante esta, alegaron que la solicitud de sentencia sumaria presentada por la parte Recurrida incumplía con los requisitos de forma dispuestos en la Regla 36.3 (a) y (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (a) y (c).

Evaluados los argumentos presentados por las partes, el 29 de noviembre de 2023, el foro *a quo* emitió y notificó la *Resolución*[6] recurrida, en la que declaró *No Ha Lugar* la oposición a la solicitud de sentencia sumaria presentada por los Peticionarios y estableció lo siguiente: *"Presente Oposición debidamente fundamentada y en cumplimiento con la Regla 36 de las de Procedimiento Civil en 10 días so pena de darla por sometida son oposición".*

En desacuerdo, el 7 de diciembre de 2023, los Peticionarios presentaron *Moción de Reconsideración*, la cual fue declarada *No Ha Lugar* mediante *Resolución* emitida el 19 de diciembre de 2023, notificada al próximo día.

Inconforme aún, el 3 de diciembre de 2023, los Peticionarios acudieron ante esta Curia mediante *Petición de certiorari,* en la que le imputaron al foro primario la comisión de los siguientes errores:

> Erró el TPI al acoger la moción solicitando sentencia sumaria de los recurridos aunque dicho escrito no cumple con los requisitos de forma establecidos en la Regla 36.3(A) de Procedimiento Civil de Puerto Rico ni lo resuelto por el Honorable Tribunal Supremo de Puerto Rico en *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414 (2013) y su progenie.

> Erró el TPI al ordenar a los peticionarios a presentar una oposición a moción en solicitud de sentencia sumaria en un periodo de tiempo de quince (15) días perentorios sin haberle provisto a las partes una oportunidad razonable para llevar a cabo un descubrimiento de prueba adecuado.

---

[5] *Íd,* págs. 48D-48G.
[6] *Íd,* pág. 48B.

Acompañó su recurso con una *Moción en auxilio de jurisdicción*, la cual declaramos **No Ha Lugar** mediante la presente *Resolución.*

De conformidad con la Regla 7(B)(5) de nuestro Reglamento, prescindiremos de la posición de la parte Recurrida, a los fines de lograr su más justo y eficiente despacho del caso ante nuestra consideración. 4 LPRA Ap. XXII-B, R.7(B)(5).

**II.**

***A. Certiorari***

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del

recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Sentencia Sumaria

La sentencia sumaria "es un mecanismo procesal cuyo propósito principal es facilitar la solución justa, rápida y económica de los litigios que no presentan controversias genuinas de hechos materiales y, por lo tanto, no ameritan la celebración de un juicio a fondo". *Nieves Diaz v. González Massas,* 178 DPR 820, 847 (2010); *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, 184 (2005). La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, permite que, en un litigio, cualquiera de las partes le solicite al tribunal que se dicte sentencia sumaria a su favor, ya sea sobre la totalidad o cualquier parte de la reclamación solicitada. Reglas 36.1 y 36.2 de Procedimiento Civil, *supra.* No obstante, para que una sentencia sumaria proceda, es necesario que de los documentos que la acompañan, se demuestre que no existe una controversia real sobre los hechos y solo reste aplicar el derecho. *SLG Szendrey v. Consejo de Titulares,* 184 DPR 133, 138 (2011); *Ramos Pérez v. Univisión de Puerto Rico, Inc.,* 178 DPR 200, 214 (2010).

Para poder demostrar eficientemente la falta de controversia sobre hechos esenciales, el promovente de la sentencia sumaria debe: (1) exponer las alegaciones de las partes; y (2) desglosar en párrafos debidamente enumerados los hechos sobre los cuáles, a su entender, no hay controversia. Regla 36.3 de Procedimiento Civil, *supra,* R. 36.3.

Es norma reiterada en nuestro ordenamiento, que el tribunal debe hacer un análisis ponderado a la hora de determinar si procede o no la sentencia sumaria. El principio rector que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es, "el sabio discernimiento, ya que mal utilizada puede prestarse para privar a un litigante de su día en corte, principio elemental del debido proceso de ley". *Mun. de Añasco v. ASES et al., supra,* págs. 327-328.

Al dictar Sentencia Sumaria el tribunal debe: (1) analizar los documentos que acompañan la moción que solicita la sentencia sumaria, los documentos incluidos con la moción en oposición, y aquellos que obren en el expediente del tribunal; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *S.L.G. v. S.L.G.*, 150 DPR 171, 194 (2000).

No procede dictar sentencia sumaria cuando: (1) existan hechos materiales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material, o (4) como cuestión de derecho no proceda. Aunque el tribunal dicte Sentencia Sumaria de manera discrecional, como regla general, no es aconsejable resolver sumariamente casos complejos o que envuelvan cuestiones de interés público. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913-914 (1994).

**III.**

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configuran ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra.* A la luz de los criterios establecidos en la Regla 40 de este Tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

Por lo tanto, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido al foro primario y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el foro *a quo* no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

**IV.**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* y la moción en auxilio de jurisdicción.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones